# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

WESTERN VALUES PROJECT, et al.,

    *Plaintiffs,*

v.

UNITED STATES DEPARTMENT OF THE INTERIOR,

    *Defendant.*

Civil Action No.: 18-2336 (CRC)

## ANSWER

Defendant United States Department of the Interior ("Defendant") by and through the undersigned counsel, hereby responds to Plaintiffs' Complaint as follows:

## RESPONSES

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Additionally, Defendant denies any and all allegations in Plaintiffs' Complaint not expressly admitted or qualified herein.

Defendant answers as follows:

1. This paragraph contains Plaintiffs' characterization of their action, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant

admits that Plaintiff's Complaint purports to bring claims pursuant to the Freedom of Information Act ("FOIA").

JURISDICTION AND VENUE[1]

2. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant admits that this Court has subject matter jurisdiction under FOIA, as limited by the relief available under FOIA.

3. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant admits that venue is proper in this District.

4. This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. Defendant admits the allegations contained in the first sentence of this paragraph. The second paragraph contains conclusions of law, not allegations of fact, to which no response is required.

---

[1] For ease of reference, Defendant refers to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

STATEMENT OF FACTS

8. Deny. By way of further answer, Defendant avers that Plaintiffs submitted thirteen FOIA requests to Defendant between August 21, 2017, and June 29, 2018. Defendant respectfully refers the Court to the FOIA requests for a full and accurate statement of their contents and denies any allegation in this paragraph that is inconsistent therewith.

*WVP Request: Denver Travel*

9. Defendant admits that it received a FOIA request from Plaintiff Western Values Project ("WVP") dated August 17, 2017. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegation in this paragraph that is inconsistent therewith.

10. Admit.

11. Admit.

*WVP Request: Travel Files*

12. Defendant admits that it received a FOIA request from WVP dated September 21, 2017. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegation in this paragraph that is inconsistent therewith.

13. Admit.

14. Admit.

*WVP Request: AQD-91 Forms*

15. Defendant admits that it received a FOIA request from WVP dated October 2, 2017. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegation in this paragraph that is inconsistent therewith.

16. Admit.

17. Admit.

*WVP Request: Swift Emails*

18. Defendant admits that it received a FOIA request from WVP dated October 16, 2017. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegation in this paragraph that is inconsistent therewith.

19. Admit.

20. Admit.

*WVP Request: Montana Travel*

21. Defendant admits that it received a FOIA request from WVP dated November 7, 2017. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegation in this paragraph that is inconsistent therewith.

22. Admit.

23. Admit.

*WVP Request: Law Vegas Travel*

24. Defendant admits that it received a FOIA request from WVP dated February 23, 2018. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegation in this paragraph that is inconsistent therewith.

25. Admit.

26. Admit.

27. Defendant admits that it sent a letter to Plaintiff on May 3, 2018, and that WVP responded that same day. The remainder of this paragraph contains Plaintiffs' characterization of this correspondence, not allegations of fact, to which no response is required. Defendant

respectfully refers the Court to the referenced correspondence for a full and accurate statement of its contents and denies any allegation in this paragraph that is inconsistent therewith.

*WVP Request*:  *CPAC Travel*

28.     Defendant admits that it received a FOIA request from WVP dated March 23, 2018. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegation in this paragraph that is inconsistent therewith.

29.     Admit.

30.     Deny.

*WVP Request:  Travel Schedules and North Dakota*

31.     Defendant admits that it received a FOIA request from WVP dated April 23, 2018. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegation in this paragraph that is inconsistent therewith.

32.     Admit.

33.     Admit.

*WVP Request:  Personal Email*

34.     Defendant admits that it received a FOIA request from WVP dated April 2, 2018. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegation in this paragraph that is inconsistent therewith.

35.     Admit.

36.     Admit.

*WVP Request:  Private Server*

37. Defendant admits that it received a FOIA request from WVP dated April 2, 2018. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegation in this paragraph that is inconsistent therewith.

38. Admit.

39. Admit.

*WVP Request:  Whitefish Correspondence*

40. Defendant admits that it received a FOIA request from WVP dated June 22, 2018. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegation in this paragraph that is inconsistent therewith.

41. Admit.

42. Admit.

*WVP Request:  Whitefish Keywords*

43. Defendant admits that it received a FOIA request from WVP dated June 29, 2018. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegation in this paragraph that is inconsistent therewith.

44. Admit.

45. Admit.

*American Oversight Request:  Puerto Rico Response*

46. Defendant admits that it received a FOIA request from American Oversight dated October 24, 2017. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegation in this paragraph that is inconsistent therewith.

47. Admit.

48. Admit.

*Exhaustion of Administrative Remedies*

49. Deny.

50. Deny.

51. This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

COUNT I
Violation of FOIA, 5 U.S.C. § 552
Failure to Conduct Adequate Search for Responsive Records

52. Defendant incorporates its responses to paragraphs 1–51 as if set forth fully herein.

53. This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

54. Defendant admits that it is an agency for the purposes of FOIA. The remainder of this paragraph contains conclusions of law, not allegations of fact, to which no response is required.

55. This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

56. This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

57. This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

COUNT II
Violation of FOIA, 5 U.S.C. § 552
Wrongful Withholding of Non-Exempt Responsive Records

58. Defendant incorporates its responses to paragraphs 1–57 as if set forth fully herein.

59. This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

60. Defendant admits that it is an agency for the purposes of FOIA. The remainder of this paragraph contains conclusions of law, not allegations of fact, to which no response is required.

61. This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

62. This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

63. This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

64. This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

The remainder of Plaintiffs' Complaint contains its request for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever. Defendant denies any and all allegations in Plaintiffs' Complaint not expressly admitted or qualified herein.

## ADDITIONAL DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiffs.

1. Plaintiffs are not entitled to compel the production of records protected from disclosure by one or more of the exemptions to FOIA.

2. This Court lacks subject matter jurisdiction over any of Plaintiffs' requests for relief that exceed the relief authorized by FOIA.

November 15, 2018                    Respectfully submitted,

                                              JESSIE K. LIU
                                              D.C. BAR #472845
                                              United States Attorney

                                              DANIEL F. VAN HORN
                                              D.C. BAR #924092
                                              Chief, Civil Division

By:    */s/ Brian J. Field*
            BRIAN J. FIELD
            D.C. BAR #985577
            Assistant United States Attorney
            555 4th Street, N.W.
            Washington, D.C. 20530
            Tel: (202) 252-2551
            E-mail: Brian.Field@usdoj.gov